**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

GARY C. EVANS, et al., )
)
               Plaintiffs, ) **Civil ACTION**
)
v. ) No. 09-CV-1245-MLB
)
ORION ETHANOL, INC., )
)
               Defendant. )
)

**MEMORANDUM AND ORDER**

Before the court are the following:

    1. Plaintiffs' Motion for Summary Judgment;

    2. Plaintiffs' Brief in Support of Summary Judgment, and affidavits.[1]

Plaintiffs filed this breach of contract action against defendant to recover $1,100,000 owed on two convertible senior notes plaintiffs hold that the defendant (Orion) has not paid, along with interest and attorney's fees. Plaintiffs now move for summary judgment.

**I.   GOVERNING LAW**

A federal court sitting in diversity applies federal procedural law and the substantive law that would be applied by the forum state. Burnham v. Humphrey Hospitality REIT Trust, Inc., 403 F.3d 709, 712 (10th Cir. 2005). Consistent therewith, where a contract contains a choice-of-law clause, the court will apply the forum state's

---

[1] Defendant Orion Ethanol did not provide this court with a response to the Motion for Summary Judgment.

choice-of-law rules. Midamerica Constr. Mgmt., Inc. v. MasTec N. Am., Inc., 436 F.3d 1257, 1260 (10th Cir. 2006). Under Kansas law, parties to a contract may select the law that will govern interpretation of their agreement, and Kansas courts will generally honor that choice. Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc., 431 F.3d 1241, 1255 (10th Cir. 2005) (citing Brenner v. Oppenheimer & Co., 273 Kan. 525, 44 P.3d 364, 374 (2002)). As such, Kansas procedural law and New York substantive law will be applied to this motion.

## II. SUMMARY JUDGMENT STANDARD

The rules applicable to the resolution of this case, now at the summary judgment stage, are well-known and are only briefly outlined here. Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists so that a rational trier of fact could resolve the issue either way and an issue is "material" if under the substantive law it is essential to the proper disposition of the claim. Adamson v. Multi Community Diversified Svcs., Inc., 514 F.3d 1136, 1145 (10th Cir. 2008). When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If so, the court cannot grant summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

D.Kan. Rule 6.1(d)(2) provides in pertinent part that "[r]esponses to motions to dismiss or for summary judgment must be filed and served within 21 days...." D. Kan. Rule 7.4 provides: "If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion." McKeighan v. Corrections Corp. of America, 2011 WL 977587 (D.Kan.,2011). "Pursuant to local rules, a party may, by failing to offer a timely response, waive the right to respond or to controvert the facts asserted in a motion for summary judgment." Reed v. Bennet, 312 F.3d 1190, 1195 (10th Cir. 2002). Thus, a district court can grant summary judgment if the uncontroverted facts in the motion meet the requirements of Fed. R. Civ. P. 56(c)-if they demonstrate that no material issues of fact remain and that the moving party is entitled to judgment as a matter of law. Id. Orion has failed to respond to this motion for summary judgment, and therefore this court will deem all facts supported by plaintiffs' affidavits uncontroverted.

## III. UNCONTROVERTED FACTS

On or about November 3, 2006 plaintiffs entered into subscription agreements with Orion. Plaintiff Evans purchased a $1,000,000 convertible senior note, and plaintiff Krueger purchased a $100,000 note. Plaintiffs placed the $1,100,000 in an escrow account with Global Hunter Securities, who then transferred the money to Orion.

The principal amount plus interest was due on October 31, 2008. Plaintiffs have not received any payments on these notes since December, 2007. Plaintiffs gave notice of the default to Orion, and provided a written demand for performance. The interest rate on the

note was 8 percent per annum, and increased to 9 percent on April 1, 2007. The interest rate was further scheduled to increase by one percent for every interest payment date thereafter. Evans claims he is owed $1,389,177.80, with the debt accruing interest at a rate of $385.56 per day from November 1, 2010. Krueger claims he is owed $138,917.79, with the debt accruing interest of $38.35 per day from November 1, 2010. The note provides for reasonable attorney's fees, and plaintiffs claim attorney's fees in the amount of $13,275. In sum, Evans claims damages for $1,477,471.04 and Krueger claims damages of $147,669.94, plus attorney's fees.

**IV. BREACH OF CONTRACT**

Plaintiffs filed suit against Orion for breach of contract with respect to the non-payment of $1,100,000 in two convertible senior notes, plus interest and attorney's fees. Under New York law, a plaintiff must prove four elements to establish breach of contract and be entitled to damages: 1) the existence of a contract; 2) plaintiff's performance of the contract; 3) defendant's breach of the contract; and 4) resulting damages. <u>JP Morgan Chase v. J.H. Elec. of New York, Inc.</u>, 893 N.Y.S.2d 237 (N.Y. App. Div. 2010); <u>Elisa Dreier Reporting Corp. v. Global Naps Networks, Inc.</u>, 2011 N.Y. Slip Op. 03543, (N.Y. App. Div. 2011). For the foregoing reasons, plaintiffs have established that as a matter of law, Orion breached the contract and plaintiffs are entitled to summary judgment on the issue of liability.

Based on the uncontroverted facts, plaintiffs and Orion entered into two contracts on November 3, 2006. Consideration was adequate, and the signature of an Orion representative on the contracts

establishes acceptance of the contracts. Nothing in the uncontroverted facts suggests that there is a genuine issue of material fact with respect to the existence and validity of the contracts. Plaintiffs have established the existence of contracts with Orion. Next, plaintiffs performed their obligations under the contracts. It is uncontroverted that plaintiffs did in fact invest $1,100,000 in Orion and notified Orion of its default of the note on October 31, 2008 as provided in the contracts.

Further, Orion failed to perform its obligations under the contracts which amounted to a breach. The uncontroverted facts and the contracts establish that Orion was to make scheduled interest payments to plaintiffs, with the total amount due by October 31, 2008. Failure to make scheduled payments set out in a contract establishes breach of that contract. See Paterno & Sons, Inc., v. Town of New Windsor, 351 N.Y.S.2d 445, (N.Y. App. Div. 1974); See also Awards.Com, LLC., v. Kinko's, Inc., 834 N.Y.S.2d 147, 154 (N.Y. App. Div. 2007)(Holding that failure to make payments set out in a contract is especially material when the payments constituted the primary consideration). Finally, Orion's material breach of the terms of the convertible senior notes resulted in monetary harm to plaintiffs.

**V.   Damages**

Plaintiffs request damages in the amount of $1,100,000 plus $377,471.04 in accrued interest and $13,275 in attorney's fees. To be awarded damages, plaintiffs must calculate the damage award with reasonable certainty. Murphy v. Lischitz, 49 N.Y.S.2d 439, 440 (N.Y. Sup Ct. 1944). Plaintiffs do not need to prove their damages to the

dollar, but need to provide some basis of computation. Broadway Photoplay Co. v. World Film Corp., 121 N.E. 756, 758 (N.Y. 1919). Plaintiffs stated that they have not received any payments from Orion since December 1, 2007, however, plaintiffs do not provide how much Orion paid on the notes before December 1, 2007. Without this information, damages cannot be calculated with reasonable certainty.

**VI. CONCLUSION**

Plaintiffs' Motion for Summary Judgment is granted with respect to liability for breach of contract. Due to the uncertainty in calculating damages, this court will hold a hearing on damages which will be held on July 18, 2011 at 1:30 P.M.

IT IS SO ORDERED.

Dated this ___23rd___ day of June 2011, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE